IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>v.<br><br>JOYCE M. GREEN,<br><br>   *Defendant.* | Civil Action No. ELH-22-01226 |

### MEMORANDUM

On May 23, 2022, the government filed a tax suit against defendant Joyce M. Green. ECF 1 (the "Complaint"). The government seeks "to collect the trust fund recovery penalties under 26 U.S.C. § 6672 assessed . . . for various tax quarters between 2008 through 2018 for [defendant's] failure to pay over to the United States taxes withheld from the salaries paid to the employees of Green's Garage, Inc. in the amount of $200,087.03 as of May 23, 2022, plus statutory additions and interest . . . ." *Id*. at 1.

The defendant was served with a summons and a copy of the Complaint on May 26, 2022. ECF 2. According to the proof of service form filed with this Court, a private process server personally served the summons on the defendant at a specified address in Hampstead, Maryland. ECF 3. But, the defendant never responded to the Complaint. *See* Docket.

Thereafter, pursuant to the government's motion (ECF 4), the Clerk entered an "Order Of Default" on July 15, 2022. ECF 5. The Clerk also issued a "Notice Of Default" to the defendant. ECF 6.

The government's motion for default judgment against the defendant followed on August 17, 2022. ECF 7 (the "Motion"). The Motion is supported by three exhibits. *See* ECF 7-2; ECF 7-

3; ECF 7-5. In particular, the government seeks the damages stated in the Complaint, "plus statutory additions and interest that will continue to accrue according to law." ECF 7-1 at 1.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I.  Factual Background

On October 20, 2020, District Judge Catherine Blake issued a "Judgment And Order of Permanent Injunction" against Green's Garage, Inc. ("Green's") and its owners, Larry and Joyce Green, in case CCB-20-312. *See id.*, ECF 14. Among other things, the court required the defendants to comply with federal tax laws because the business, Green's, had failed to pay over $968,000 in federal taxes between 2001 and 2020.

In this case, the government alleges that Joyce Green was responsible for collecting and paying to the Internal Revenue Service ("IRS") the federal income, Medicare, and social security taxes withheld from the wages of the employees of Green's. ELH-22-1226, ECF 1 at 2-3, ¶ 10. Further, the government asserts: "Joyce M. Green willfully failed to collect, truthfully account for, and pay over to the United States the federal employment tax withholdings of Green's Garage, Inc. which rendered her liable for a penalty under 26 U.S.C. § 6672 equal to the total amount of the taxes not collected, accounted for, and paid over." *Id.* at 3, ¶ 11.

A delegate of the Secretary of the Treasury assessed the trust fund recovery penalties against the defendant "for amounts withheld from the wages of employees of Green's Garage, Inc., but not turned over to the United States . . . ." *Id.* ¶ 12. A table listing the penalty amounts is shown below, *id.*:

| Tax Period | Assessment Date | Original Assessment Amount | Outstanding Balance as of May 23, 2022[1] |
|---|---|---|---|
| 9/30/2008 | 9/19/2011 | $ 20,701.58 | $ 204.17 |
| 12/31/2008 | 9/19/2011 | $ 22,459.70 | $ 24,995.41 |
| 3/31/2009 | 9/19/2011 | $ 21,231.49 | $ 31,418.25 |
| 6/30/2009 | 1/3/2011 | $ 10,295.20 | $ 1,244.65 |
| 9/30/2009 | 1/3/2011 | $ 13,615.65 | $ 9,275.58 |
| 12/31/2009 | 9/19/2011 | $ 33,865.11 | $ 40,556.10 |
| 3/31/2010 | 9/19/2011 | $ 23,600.11 | $ 28,262.94 |
| 12/31/2014 | 4/4/2016 | $ 9,544.67 | $ 9,976.45 |
| 6/30/2016 | 4/30/2018 | $ 7,155.13 | $ 8,495.11 |
| 9/30/2016 | 4/30/2018 | $ 8,608.09 | $ 10,220.18 |
| 12/31/2016 | 4/30/2018 | $ 9,001.46 | $ 10,687.21 |
| 6/30/2017 | 4/30/2018 | $ 10,321.61 | $ 12,254.60 |
| 12/31/2017 | 6/23/2021 | $ 9,100.77 | $ 9,367.65 |
| 12/31/2018 | 6/23/2021 | $ 3,039.60 | $ 3,128.73 |
|  |  | Total: | $ 200,087.03 |

The government also provided documentation from the IRS of the defendant's account transcripts for various quarters between September 2008 and December 2018. ECF 7-3. These transcripts confirm the penalty amounts shown in the above table. The total amount of $200,087.03 includes statutory additions and interest that accrued on the unpaid liability as of May 23, 2022. *Id.* ¶ 16.

A delegate of the Secretary of the Treasury gave notice to the defendant of the penalty assessments noted above and demanded payment from the defendant for the penalties. ECF 1 at 4, ¶ 13. However, the defendant "has failed or refused to pay the full amounts due and owing for the penalty assessments set forth . . . above." *Id.* ¶ 15.

Therefore, the government claims that the defendant "is indebted to the United States for trust fund recovery penalties and statutory additions and interest to the penalties in the total amount of $200,087.03 as of May 23, 2022, plus statutory additions and interest that will continue to accrue after that date according to law." *Id.* ¶ 16. In addition, the government asks the Court to award the unspecified costs it incurred in prosecuting this action. *Id.*

## II.  Legal Standard

Rule 55(b) of the Federal Rules of Civil procedure governs default judgment. In particular, Rule 55(b)(1) provides that the clerk may enter a default judgment if plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."[1]  But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise the complaint must be supported by affidavit or documentary evidence." *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J.).[2]

Entry of default judgment under Rule 55(b)(2) "is left to the discretion of the court." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). But, the Fourth Circuit has a "strong policy favoring the disposition of cases on the merits...." *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 229 (4th Cir. 2019) (discussing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)), *cert. denied*, ––– U.S. –––, 139 S. Ct. 2762 (2019); *see Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013). However, the policy is not absolute. Thus, default judgment "'is appropriate when the adversary process has been halted because of an essentially unresponsive party.'" *Garnier-Thiebault, Inc. v. Castello 1935 Inc.*, SDT-17-3632, 2019 WL 6696694, at *1 (D. Md. Dec. 6, 2019) (Thacker, J.) (quoting *Int'l Painters & Allied*

---

[1]  If the sum is not certain or ascertainable through computation, the court looks to Rule 55(b)(2) ("The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

[2] Judge Grimm authored *Monge* when he served as a United States Magistrate Judge.  He now serves as a United States District Court Judge.

*Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013)); *see Lawbaugh*, 359 F. Supp. 2d at 421.

In the case of a default judgment, the plaintiff's factual allegations, other than those pertaining to damages, are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (stating that the court accepts as true the well pleaded factual allegations in the Complaint as to liability). If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Id.* at 780-81.

Allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit. Fed R. Civ. P. 8(b)(6); *see Monge*, 751 Supp. 2d at 794; *Trs. Of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").

Rather, the court must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trustees of the Nat'l Asbestos Workers*

*Pension Fund v. Ideal Insulation*, Inc., ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment because plaintiff submitted affidavits and records establishing the amount of damages); *JTH Tax, Inc. v. Smith*, Civil No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is meant to enable the defendant to decide whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

### III.   Discussion

The Complaint lodges a single claim for failure to pay trust fund recovery penalties to the United States. The penalties are rooted in the defendant's failure to pay taxes withheld from the salaries paid to the employees of Green's, a business owned by the defendant.  ECF 1, ¶¶ 5-16.

In particular, the United States seeks to reduce to judgment assessments for trust fund recovery penalties under 26 U.S.C. § 6672.  Section 6672 of 26 U.S.C. is titled "Failure to collect and pay over tax, or attempt to evade or defeat tax."  It provides: "Any person required to collect,

truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

The statute "imposes *personal* liability, in an amount equal to an employer's deficient taxes, upon those officers or employees[:] (1) responsible for collecting, accounting for, and remitting payroll taxes, and (2) who willfully fail to do so." *Plett v. United States*, 185 F.3d 216, 218 (4th Cir. 1999) (emphasis in original) (citing 26 U.S.C. § 6672(a); 26 U.S.C. § 6671(b)); *see O'Connor v. United States*, 956 F.2d 48, 50 (4th Cir. 1992)). "Although labeled as a 'penalty,' § 6672 is not primarily a punitive provision as it 'brings to the government only the same amount to which it was entitled by way of the tax.'" *Johnson v. United States*, 734 F.3d 352, 359 (4th Cir. 2013) (quoting *Turnbull v. United States*, 929 F.2d 173, 178 n.6 (5th Cir. 1991) (internal quotation marks omitted)).

A tax assessment made by the IRS is a determination of an unpaid tax liability owed to the United States. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). It is entitled to a presumption of correctness. *Id.*; *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980). Thus, the assessments establish a prima facie case of a tax liability. *Pomponio*, 635 F.2d at 296. "Once the IRS assesses a taxpayer for this liability, the taxpayer has the burden of proof at trial on both elements of § 6672 liability." *Johnson*, 734 F.3d at 359.

The government alleges that the defendant "willfully failed to collect, truthfully account for, and pay over to the United States the federal employment tax withholdings of Green's Garage, Inc." As stated above, Judge Blake previously entered an injunction requiring the defendant to

comply with federal tax laws because the defendant's business, Green's, failed to pay over $968,000 in federal taxes between 2001 and 2020. *See* CCB-20--00312. This renders the defendant personally liable for a penalty under 26 U.S.C. § 6672, "equal to the total amount of the taxes not collected or accounted for, and paid over." ECF 1 at 3.

The government's allegations are supported by a Declaration of IRS Revenue Officer Leslie Handler. Agent Handler states: "As of May 23, 2022, Joyce Green is indebted to the United States for unpaid trust fund recovery penalties under 26 U.S. § 6672 of no less than $200,087.03, plus statutory interest accruing after that date according to law." ECF 7-2 at 4.

In addition, the government has provided documentation from the IRS of the defendant's account transcripts for various quarters between September 2008 and December 2018. ECF 7-3. These transcripts confirm the penalty amounts for which Agent Handler states the defendant is liable. The government's allegations are deemed admitted. Fed. R. Civ. P. 8(b)(6). Thus, I am satisfied that the government has established the defendant's liability.

As to damages, the government asserts that, pursuant to 26 U.S. § 6672, the defendant owes an amount "no less than $200,087.03, plus statutory interest accruing after that date according to law." ECF 7-2 at 4.[3] The amount is reflected in a table that the government provided. Additionally, the account transcripts that the government has provided corroborate the penalty amounts listed in the table. ECF 7-3. Accordingly, I am satisfied that the government has adequately demonstrated that the defendant is liable in the amount of $200,087.03.

The government also seeks "costs incurred in prosecuting this action" ECF 1 at 4. But, the government does not specify the particular costs. The docket does not reflect any filing fees

---

[3] This amount includes statutory interest that has accrued, and which continues to accrue, on the remaining unpaid taxes, discussed earlier.

or charges that the government has incurred. *See* Docket. Therefore, I shall decline to award costs to the government.

## IV. Conclusion

In light of the foregoing, I shall grant the Motion. I shall award judgment in favor of the United States in the amount of $200,087.03, with interest due and owing from May 24, 2022.

An Order follows.

Date: November 1, 2022

/s/
Ellen L. Hollander
United States District Judge